## Karl Puswaskis, Defendant in Error, v. Conrad Seipp Brewing Company and Math Kersting, Plaintiffs in Error.

### Gen. No. 19,492.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed March 9, 1916.

### Statement of the Case.

Action by Karl Puswaskis, plaintiff, against Conrad Seipp Brewing Company and Math Kersting, defendants, to recover $750, alleged to be money had and received by defendants without consideration. From a verdict and judgment for $641.67 in favor of defendant, the plaintiff brings error.

It appeared that Kersting executed a written lease of certain premises to Puswaskis to be used for saloon purposes, dated January 30, 1911, for a period from February 20, 1911 to April 30, 1916, at a rental of $100 per month.. Attached thereto, evidently as a

248 APPELLATE COURTS OF ILLINOIS.

Puswaskis v. Conrad Seipp Brewing Co. et al., 198 Ill. App. 247.

part thereof, was a separate paper by which the lessee covenanted with the lessor to use in and about said premises only such draught beer as the lessor might designate, the price to be $5 per barrel. On February 8, 1911, Kersting (who was manager of said brewing company), on the company's writing paper containing its letter head, wrote Puswaskis, and referring to the lease "between us" designated said company's beer as the beer to be used on the premises.

On March 1, 1911, he again wrote Puswaskis a letter which he signed as manager, in which he referred to said provision fixing the price of the beer and to a verbal understanding that it might vary with the revenue tax, and asked for confirmation of such understanding.

An arrangement for the lease was made on January 23, 1911. A memorandum of it, signed by Kersting and given to Puswaskis, is to the effect that the latter was to pay the former a bonus of $500 for said lease, and that he then made a part payment of $150 thereon, and would pay the balance in two instalments, which were subsequently paid to Kersting. That the said sum was to be paid as a "bonus," as stated therein, was corroborated by Kersting and another witness' account of the verbal conversation at the time said receipt or memorandum was given, against which interpretation there was Puswaskis' evidence that the money was to pay for "bonds."

MECHEM & BANGS, for plaintiffs in error.

FRANK P. McGINN and ROBERT D. MELICK, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

Assumpsit, § 89*—*when evidence insufficient to establish joint liability of principal and agent.* In an action against a brewing company and its manager for money had and received by defendants without consideration, weight of evidence *held* to show that the money was paid to the brewing company's manager in accordance with a personal contract and to not establish joint liability of the brewing company and the manager.